IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02221-BNB

CARLOS DIAZ,

      Plaintiff,

v.

BURLINGTON COAT FACTORY,

      Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Carlos Diaz, submitted *pro se* on August 8, 2014, an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and a Complaint (ECF No. 1) pursuant to Title VII asserting employment discrimination, sexual harassment, and retaliation on the basis of race and color.  The Court reviewed the documents and determined they were deficient.  Therefore, on August 11, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Diaz to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The August 11 order pointed out that Mr. Diaz failed to assert any claims or request any relief in the spaces provided in the Title VII Complaint.  The August 11 order also pointed out that Mr. Diaz failed to submit the notice-of-right to sue letter, if available, received from the Equal Employment Opportunity Commission (EEOC) on May 14, 2014, and as directed in the Title VII Complaint.  *See* ECF No. 1 at 2, ¶ 8, and

at 3.  The August 11 order directed Mr. Diaz to file an amended Title VII Complaint on the proper, Court-approved form that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Magistrate Judge Boland warned Mr. Diaz that the Title VII Complaint and the action would be dismissed without further notice and without prejudice if he failed to cure the designated deficiencies and file an amended Title VII Complaint as directed within the time allowed.  Magistrate Judge Boland further warned Mr. Diaz that, even if the Court dismissed the instant action without prejudice for failure to comply with the August 11 order, the dismissal may bar recovery if he sought to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on his claims.  *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).  Finally, the August 11 order warned Mr. Diaz that to bring a claim under Title VII, Mr. Diaz must exhaust his administrative remedies as to each claim of discrimination or retaliation. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII).

On September 16, 2014, Mr. Diaz submitted an amended Title VII Complaint (ECF No. 5) and an amended Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6).  On September 17, 2014, Magistrate Judge Boland entered a minute order (ECF No. 7) informing Mr. Diaz that the documents he submitted on September 16 (ECF Nos. 5 and 6) failed to cure the designated deficiencies.

The September 17 minute order pointed out that the amended Title VII Complaint

2

(ECF No. 5) still failed to assert claims, request relief, or contain the notice-of-right-to-sue letter, if available.  In addition, Mr. Diaz failed to include and complete all pages of the Title VII Complaint form for the amended Title VII Complaint.  Moreover, Plaintiff was not directed to file an amended Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6), but did so anyway, apparently resubmitting the application he filed on August 8, 2014 (ECF No. 3), with a few additional pages.  The September 17 minute order allowed Plaintiff fifteen days to comply with the directives of the August 11 order.  Magistrate Judge Boland warned Mr. Diaz that failure to do so within the time allowed would result in the dismissal of this action.

Mr. Diaz has failed within the time allowed to cure the designated deficiencies, file an amended Title VII Complaint as directed, or otherwise communicate with the Court in any way.  Therefore, the Title VII Complaint and the action will be dismissed without prejudice for Mr. Diaz's failure to cure the designated deficiencies and file an amended Title VII Complaint as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Diaz files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Title VII Complaint (ECF No. 5) and the action are dismissed

3

without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the

failure of Plaintiff, Carlos Diaz, to cure the deficiencies designated in the order to cure of

August 11, 2014, within the time allowed and file an amended Title VII Complaint as

directed, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __10th__ day of ___October_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

4